UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

TNR LOGISTICS CO., LTD.,

                      Plaintiff,

    -against-

STATUS LOGISTICS CORP., LTD.,

                      Defendant.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**17-CV-4636 (RJD) (ST)**

*[Handwritten: 8/23/18 Adopted without objection. Clerk will enter judgment. s/ RJD]*

**TISCIONE, United States Magistrate Judge:**

TNR Logistics, Co., Ltd. ("Plaintiff") alleges that it provided international shipping services to Status Logistics Corp., Ltd. ("Defendant"), and that Defendant has failed to pay $122,398.78 that Plaintiff is owed for those services. Plaintiff filed this action seeking relief under the theories of breach of contract, account stated, and unjust enrichment, plus attorneys' fees and costs. Plaintiff has now moved for default judgment, and the Honorable Raymond J. Dearie has referred that motion to this Court for a report and recommendation.

For the reasons discussed below, this Court recommends finding Defendant liable for breach of contract and awarding Plaintiff $122,398.78 in damages. This Court recommends against, however, awarding prejudgment interest. Plaintiff has not adequately explained whether New York or Chinese law governs the contract and whether the applicable law entitles it to prejudgment interest. Thus, Plaintiff should have an opportunity to renew its request for prejudgment interest with adequate legal authority and support.

*FILED*
*IN CLERK'S OFFICE*
*US DISTRICT COURT E.D.N.Y.*
*★ AUG 27 2018 ★*
*BROOKLYN OFFICE*

## BACKGROUND

Plaintiff is a freight forwarder that arranges the international air and ocean transportation of freight on behalf of customers. Compl. ¶ 6 (Dkt. No. 1); Xiongwen Decl. ¶ 5 (Dkt. No. 11-3).[1] Plaintiff does not own or operate the air carriers that it relies on for international transport. Xiongwen Decl. ¶ 5. Instead, Plaintiff purchases air transportation services from other carriers. *Id.* Plaintiff operates as a corporation organized and existing under the laws of China, with its principal place of business in Shanghai. Compl. ¶ 3.

Defendant is a freight forwarder based in Jamaica, New York. Xiongwen Decl. ¶¶ 6-7; Compl. ¶ 4. About five years ago, Plaintiff developed a mutual agency relationship with Defendant because Plaintiff did not have a physical presence in the U.S. Xiongwen Decl. ¶¶ 6-7; Compl. ¶ 4. Through that relationship, Plaintiff and Defendant worked together to arrange air and ocean freight transportation, usually between their respective countries, on behalf of their customers. Xiongwen Decl. ¶¶ 6-8.

In October 2016, at the request of Defendant, Plaintiff arranged for air transportation of six separate shipments of garments from China to the U.S. (collectively, the "Shipments") for Defendant's clients, Paper Cut Clothing, LLC ("Paper Cut") and Just One, LLC ("Just One"). Xiongwen Decl. ¶¶ 8-14. Defendant agreed to the air freight rates to be charged by Plaintiff for the Shipments. Xiongwen Decl. ¶¶ 6-10. In reliance on that, Plaintiff paid air freight charges to the air carrier in China. Compl. ¶¶ 6-7. After the issuance of both an air waybill (also referred to as a "master air waybill") and a house air waybill for each of the Shipments, they were timely

---

[1] On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (affirming liability of defaulting defendant based upon "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs").

transported by air and delivered in good condition to the port of destination. Compl. ¶¶ 6-7; *see also* Xiongwen Decl. ¶¶ 9-14. Plaintiff fully performed all of its duties and responsibilities with regard to each of the Shipments. Xiongwen Decl. ¶ 15; Compl. ¶ 14.

Plaintiff issued six debit notes to Defendant—one for each of the Shipments—totaling $123,232.36. Xiongwen Decl. ¶ 17; Compl. ¶ 9; *see also* Debit Notes, Dkt. No. 1 at 13-18. Per Plaintiff's statement of account, credits were also issued to the Defendant for unrelated shipments which totaled $833.58. McKew Decl. ¶ 8 (Dkt. No. 11-2); *see also* Statement of Account, Dkt. No. 11-2 at 29. After deducting that credit, the balance due to Plaintiff from Defendant is $122,398.78. McKew Decl. ¶ 8.

Defendant issued Check 8608 drawn on its account made payable to Plaintiff in the amount of $2,060.24 in full payment of Debit Note DEBIT09259. Xiongwen Decl. ¶ 18. The check was returned for insufficient funds when Plaintiff attempted to cash it. *Id*.; *see also* Returned Check, Dkt. No. 11-3 at 14. To date, the Defendant has failed and refused to pay the $122,398.78 due. Xiongwen Decl., ¶ 19; Compl. ¶¶ 10, 13.

To recover the unpaid $122,398.78 balance, Plaintiff filed this action on August 7, 2017 alleging claims under the theories of breach of contract, account stated, and unjust enrichment. *See* Compl. ¶¶ 11-23. Plaintiff also asked in the Complaint for interest, attorneys' fees, and costs. *See id*. Plaintiff served the summons and Complaint on Defendant on August 14, 2017. McKew Decl. ¶ 4; *see also* Aff. of Service, Dkt. No. 11-2 at 25.

Defendant has not filed a notice of appearance. McKew Decl. ¶ 5. Defendant has not filed an answer to the Complaint. *Id*. Defendant has not requested or been granted any extension of time to respond to the Complaint. *Id*. The Clerk of the Court accordingly issued a Certificate of Default on November 14, 2017. *See* Dkt. No. 10. Plaintiff then moved for default judgment on January 22,

2018, *see* Dkt. No. 11, and served the motion on Defendant that same day, *see* Dkt. No. 12. The Honorable Raymond J. Dearie then referred the motion to this court for a report and recommendation.

## LEGAL STANDARD FOR DEFAULT JUDGMENT

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, she is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65

(2d Cir. 1981). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal quotation marks and citations omitted), *adopted by*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010).

## DISCUSSION

In its motion and briefing, Plaintiff asks for $122,398.78 in damages along with prejudgment interest. For the reasons discussed below, this Court recommends finding Defendant liable for breach of contract and awarding Plaintiff $122,398.78 in damages. This Court recommends against, however, awarding prejudgment interest.

### I. This Court has Jurisdiction.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which requires complete diversity and that the amount in controversy exceeds $75,000. The first requirement is clearly satisfied as the parties are completely diverse (*see* Compl. ¶¶ 3-4), and the amount in controversy exceeds the $75,000 threshold. *See* Compl. ¶ 10. This Court also has personal jurisdiction over the Defendant, a corporation based in Jamaica, New York. *See* Compl. ¶ 4.

### II. Defendant has Defaulted.

It is manifest from the record that Defendant has in fact defaulted. Plaintiff served the Complaint on Defendant on August 14, 2017 by personally serving the business agent designated under New York Business Corporation Law § 306. *See* McKew Decl. ¶ 4; *see also* Aff. of Service, Dkt. No. 11-2 at 25. Since then, Defendant has not filed a notice of appearance or otherwise responded to the action. McKew Decl. ¶ 5. The time to answer has long since passed, *see* Fed. R. Civ. P. 12(a), and the clerk of the court has entered a certificate of default, *see* Dkt. No. 10.

Therefore, this Court finds that Defendant has in fact defaulted, and will proceed to assess liability and damages.

**III.   Liability.**

Plaintiff has brought claims under the theories of breach of contract, account stated, and unjust enrichment. *See* Compl. ¶¶ 11-23. In its briefing, however, Plaintiff has only asked for this Court to find Defendant liable for breach of contract. *See* Mem. ISO at 3-4 (Dkt. No. 11-1). This Court, therefore, will only consider Defendant's liability under that theory. *Accord Martinez v. Alimentos Saludables Corp.*, 2017 U.S. Dist. LEXIS 156657, at *5 n.5 (E.D.N.Y. Sep. 22, 2017), *adopted by* 2017 U.S. Dist. LEXIS 174714, at *1 (E.D.N.Y. Oct. 18, 2017). Here, Defendant is liable for breach of contract. To make out a viable claim for breach of contract under New York law a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation omitted).[2]

---

[2] Plaintiff has assumed that New York law governs the contract. *See* Mem. ISO at 3-4. But that appears to be an erroneous assumption. Generally, in a case for the transportation of goods, the origin state's law would govern. *See* Restatement (Second) of Conflict of Laws § 197 (Am. Law Inst. 1988); *see also A.A.M. v. J.L.R.C.*, 840 F. Supp. 2d 624, 633 (E.D.N.Y. 2012) ("New York's choice of law rule is for all practical purposes identical to the one set forth in the Restatement (Second).").

Nevertheless, this Court need not decide that issue here because it would have no effect on the outcome. If the application of Chinese law rendered the contract here invalid, then it may be inferred that the parties agreed that New York law should govern. *See Eli Lilly do Brasil, Ltda v. Fed. Express Corp.*, 502 F.3d 78, 82 (2d Cir. 2007) ("Once Lilly—for whatever reason—asked a United States court to consider its contract, it invited application of the well-settled 'presumption in favor of applying that law tending toward the validation of the alleged contract.'") (quoting *Kossick v. United Fruit Co.*, 365 U.S. 731, 741 (1961)); *see also Pritchard v. Norton*, 106 U.S. 124, 137 (1882) ("The parties cannot be presumed to have contemplated a law which would defeat their engagements.") (internal quotation marks omitted); *NLRB v. Local 32B-32J SEIU*, 353 F.3d 197, 202 (2d Cir. 2003) (acknowledging the presumption that an ambiguous contract should not be interpreted so that it is rendered invalid and unenforceable); *Kipin Indus., Inc., v. Van Deilen Int'l, Inc.*, 182 F.3d 490, 495-96 (6th Cir. 1999) (observing that under the Restatement, even an explicit choice of law provision is to be considered a mistake if the chosen law would invalidate an express portion of the contract). Thus, it is sufficient for the purposes of granting default judgment that Plaintiff—

Plaintiff's allegations satisfy each of those elements. Specifically, Plaintiff alleges that the parties agreed that Plaintiff would arrange for the air transportation of six Shipments of garments, *see* Compl. ¶ 7, that Plaintiff completed performance, *see id.* ¶¶ 7-10, and Defendant then failed to pay the previously agreed upon price, *see id.* ¶ 14.

This Court, therefore, recommends finding that Defendant is liable for breach of contract.

### IV.  Damages.

If the plaintiff sufficiently establishes grounds for liability, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Detailed affidavits and other documentary evidence are sufficient to prove damages in lieu of an evidentiary hearing. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 2011). Although district judges are not required to hold evidentiary hearings, "the court may conduct hearings or order such references as it deems necessary and proper." *Id.* at 508; *see also* Fed. R. Civ. P. 55(b)(2)(B) ("[T]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: ... determine the amount of damages").

Here, Plaintiff's documentary evidence is sufficient to ascertain damages with sufficient certainty without a hearing. Plaintiff has offered the declaration of a principal with personal knowledge of the contract. *See* Xiongwen Decl. ¶¶ 3, 17. Plaintiff has also offered the invoices sent to Defendant for the amount due, *see* Dkt. No. 1 at 13-18, along with an account statement demonstrating credits applied to the amount due by Defendant, *see* Dkt. No. 11-2 at 29.

---

who has voluntarily brought this action in the federal forum most convenient to Defendant—has sufficiently alleged a valid contract under New York law.

With a few exceptions, the appropriate remedy for the breach of a contract governed by New York law is an award of expectation damages, which is the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract. *Indu-Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995). The invoices establish that had Defendant performed its obligation to pay the agreed upon price for the six shipments, then Plaintiff would have received $122,398.78.[3]

Thus, this Court recommends awarding $122,398.78 in expectation damages.

## V. Prejudgment Interest.

Plaintiff also asks for prejudgment interest. *See* Mem. ISO at 5-6. In diversity actions, the awarding of prejudgment interest is considered a substantive issue and is, therefore, governed by state law. *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999) (citation omitted). New York law provides that interest "shall be recovered upon a sum awarded because of a breach of performance of a contract." N.Y. CPLR § 5001 (McKinney 1992). And in an action at law for breach of contract under New York law, "prejudgment interest is recoverable as of right." *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 342 (2d Cir. 1993); *see Barry v. Atkinson*, 1999 U.S. Dist. LEXIS 12294, No. 96 Civ. 84436, 1999 WL 605422, at *9 (S.D.N.Y. Aug. 10, 1999).

However, as discussed *supra* note 2, Plaintiff appears to erroneously assume that New York law governs the contract here. Generally, the default rule is that in a case for the transportation of goods, the origin state's law would govern. *See* Restatement (Second) of Conflict of Laws § 197

---

[3] The invoice amounts are $25,378.6, $23,962.12, $24,512.80, $2,288.00, $45,030.60, and $2,060.24, which provides for a total amount due of $123,232.36. *See* Dkt. No. 1 at 13-18. Defendant's account, however, had a credit of $833.58. *See* Dkt. No. 11-2 at 29. Thus, after accounting for that credit, Defendant owes Plaintiff $122,398.78.


(Am. Law Inst. 1988); *see also A.A.M. v. J.L.R.C.*, 840 F. Supp. 2d 624, 633 (E.D.N.Y. 2012) ("New York's choice of law rule is for all practical purposes identical to the one set forth in the Restatement (Second)."). Plaintiff has offered no argument as to why that default rule does not apply here, nor has Plaintiff explained whether prejudgment interest would be available under Chinese law. Because Plaintiff bears the burden of establishing entitlement to damages (*see Xochimitl*, 2016 U.S. Dist. LEXIS 121259, at *13-14, *adopted by* 2016 U.S. Dist. LEXIS 161123, at *2 (S.D.N.Y. Nov. 18, 2016)) this Court recommends denying Plaintiff's request for prejudgment interest without prejudice. If Plaintiff wishes to obtain prejudgment interest, Plaintiff should file a renewed motion with a memorandum explaining whether New York or Chinese law applies here and whether the applicable law entitles it to prejudgment interest.

## CONCLUSION

For the reasons discussed above, this Court recommends granting Plaintiff's motion for default judgment in part. Specifically, this Court recommends: (1) finding Defendant liable for breach of contract and awarding Plaintiff $122,398.78 in damages; and (2) denying—without prejudice to refiling—Plaintiff's request for prejudgment interest. If Plaintiff wishes to obtain prejudgment interest, Plaintiff must adequately explain whether New York or Chinese law applies and whether that applicable law entitles it to prejudgment interest.

Plaintiff is ordered to serve this report and recommendation on Defendant's last known address and to file proof of service within ten business days.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those

objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Responses to any objections shall be due fourteen days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

                                            /s/ Steven L. Tiscione
                                            Steven L. Tiscione
                                            United States Magistrate Judge
                                            Eastern District of New York

Dated: Brooklyn, New York
         July 13, 2018